Ethan Preston (263295)
PRESTON LAW OFFICES
1658 North Milwaukee Avenue, No. 253
(312) 492-4070 (phone)
(312) 262-1007 (facsimile)
ep@eplaw.us

David C. Parisi, Esq. (162248)
Suzanne Havens Beckman, Esq. (188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (phone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

*Attorneys for Plaintiffs Timothy DuFour and Kenneth Tanner, on their own behalves and on behalf of all others similarly situated,*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| TIMOTHY DuFOUR and KENNETH TANNER, individuals, on their own behalves and on behalf of all others similarly situated, <br><br>Plaintiffs, <br><br>v. <br><br>BE., LLC, DYNAMIC SHOWCASES, LLC, California limited liability companies, MONTEREY FINANCIAL SERVICES, INC., MTS HOLDINGS GROUP, INC., California corporations, 1901 CO., a Nevada corporation, BE MARKETING LIMITED, a private limited company registered in England and Wales, ERIK DeSANDO, BARRY FALCK, JACOB STEINBECK, VITALY RASHKOVAN, and DOES 1-100, inclusive, <br><br>Defendants. | No. 09-03770-CRB <br><br>Judge Charles R. Breyer <br><br>**PROPOSED ORDER GRANTING PRELIMINARY INJUNCTION** <br><br>**Date:** November 13, 2009 <br>**Time:** 10:00 am <br>**Location:** Courtroom 8, 19th Floor <br>450 Golden Gate Ave. <br>San Francisco, CA 94102 |

Plaintiff's Motion for Preliminary Injunction came on for hearing before this Court, and all parties being represented by counsel, the Court having reviewed the Motion, and after consideration of all papers filed by the parties, and all other matters presented to the Court, the Court finds that it should grant the Motion. IT IS HEREBY ORDERED THAT

    1.    A constructive trust is imposed on those sums of money ("Constructive

Trust Funds") which are

(a) traceable to any sum paid to any of the Defendants under a contract with Be., LLC;

(b) for services which were represented to facilitate a child's professional success in the entertainment industry, which payments were in excess or prior to the child obtaining income from employment in the entertainment industry;

(c) which Be LLC, Dynamic Showcases, Monterey, 1901 Co., and Falck ("Served Defendants") and/or their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the Court's order, including any other Defendant ("Constructive Trustees") possess or control (directly or indirectly), or which are held by another for their benefit.

2. No later than 10 days after receiving notice of this Order, each Constructive Trustee shall

(a) deposit all Constructive Trust Funds in their control as of the date of this Order, or which come into the control of the Constructive Trustees after the date of this Order, into a segregated, interest-bearing fiduciary account maintained by a FDIC-insured financial institution; and

(b) to refrain and prevent any transfer of Constructive Trust Funds from such accounts while this Order is in effect.

3. Each Served Defendant which has been served or which has appeared in this action shall

(a) certify to the Court, no later than 5 days after the date of this Order, that they have provided notice of the Order to any person which any such Served Defendant knows or has reason to believe has possession or control over Constructive Trust Funds (including depository institution holding any funds on a Constructive Trustee's behalf);

(b) certify to the Court, no later than 10 days after the date of this Order, that all Constructive Trust Funds in their control as of the date of this Order, or which come into their control after the date of this Order, into a segregated, interest-bearing fiduciary account maintained by a FDIC-insured financial institution; and

(c) provide to the Court and to Plaintiffs an accounting of all Constructive Trust Funds, no later than 30 days after the date of this Order.

4. The bond for this injunction shall be set at $2,000 under Federal Rule of Civil Procedure 65(c).

1  Dated:

_____
Hon. Charles R. Breyer
United States District Judge