IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY DUFOUR, et al., | No. CV 09-3770 CRB |
| Plaintiff, | **ORDER GRANTING IN PART MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| BE LLC, et al., | |
| Defendant. | |

Now pending before the Court is Plaintiffs' motion for a preliminary injunction. Plaintiffs seek the imposition of a constructive trust on all served defendants. However, Plaintiffs have failed to establish the requisite irreparable harm as to all defendants except Be LLC. Because there has been no showing of irreparable harm as to the other defendants, this order will not analyze whether the other factors support issuance of an injunction against those parties. As to Be LLC, however, all factors support issuance of an injunction.

**I. BACKGROUND**

According to its marketing, Be LLC provides "a unique collection of resources for inspiring, developing, and enhancing the talent of young artists in the disciplines of acting, modeling, dance, singing, writing, beauty competitions and word of mouth marketing." Be LLC solicits customers at shopping malls, where its representatives hand out promotional materials to children. Be LLC markets its services through a promotional pamphlet and

through its website, gonnabe.com. Be LLC purports to provide "a proven game plan in which the artist gets to work with top entertainment pros that will prepare them to be evaluated by top agents, managers and casting directors . . . ." Be LLC acted as a go-between, referring its customers to other companies, like defendant Dynamic Showcases, for services like photography, showcases with agents and talent evaluators, and training in singing, dancing, acting, and modeling.

Plaintiffs entered into contracts with Be Productions on February 5, 2009 and March 7, 2009, respectively. According to evidence supplied by plaintiffs, they both made initial payments, and had subsequent payments withdrawn from their bank accounts by defendant Monterey. In May 2009, Be Productions "consolidated" its operations, closing down local operations in several cities and assigning customers to My Talent Services. After this change, Plaintiffs were no longer able to contact the talent director assigned to their children and have not received services promised under their contracts.

Plaintiffs filed a class action complaint against Defendants, basing jurisdiction in this Court on grounds of the Class Action Fairness Act and the existence of a federal claim. Two individual defendants, Erik DeSando and Jacob Steinbeck, managers of Be LLC, have yet to be served in this matter.

The Defendants in this action are:

- Be LLC, the counterparty to Class members' contracts, sometimes referred to as "Be Productions."
- Erik DeSando, Be Production's CEO.
- Barry Falck, Be Productions' COO.
- Dynamic Showcases, a company to which Be LLC refers class members for auditions.
- Be UK, which operates the Gonnabe.com website.
- Monterey, a company that attempts to collect unpaid fees from class members.

2

1  •  Jacob Steinbeck and 1901 Co., who appear to have loaned significant
2     sums of money to Be LLC.
3  •  MTS, a company that took over certain of Be LLC's operations when
4     the latter company consolidated.
5  •  Vitaly Rashkovan, an individual who owns and operates MTS.

On October 30, 2009, Plaintiff filed the instant motion for preliminary injunction placing funds obtained by Defendants from Plaintiffs in a constructive trust. Plaintiffs claim that a constructive trust is authorized under both the AFTSA and the UCL, that California law generally allows for a constructive trust "where there is a wrongful acquisition or detention of property," and that "there is an urgency arising from the fact that Be LLC appears to be financially unstable." Defendants MTS and Rashkovan together, and 1901 Co., have filed oppositions to Plaintiffs' motion on substantially the same grounds. The other defendants have not opposed the motion.

## II. LEGAL STANDARD

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). After the Supreme Court's recent opinion in Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365 (2008), a party seeking a preliminary injunction must show: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Stormans, Inc. v. Selecky, 571 F.3d 960, 978 (9th Cir. 2009) (citing Winter, 129 S.Ct. at 374).

## II. DISCUSSION

This Court concludes that Plaintiffs have met their burden only as to Defendant Be LLC. Because Plaintiffs' motion clearly fails to establish the likelihood of irreparable harm as to their claims against most defendants, that factor will be considered first. The remaining factors, and their applicability to Be LLC, will be analyzed thereafter.

**A.  Irreparable Harm in the Absence of Preliminary Relief**

The Ninth Circuit has recently clarified that a plaintiff must establish "that he is likely to suffer irreparable harm in the absence of preliminary relief." Stormans, 571 F.3d at 978. A mere possibility of irreparable harm is insufficient to support issuance of an injunction. Id.

First, Plaintiffs contend that they need not show irreparable harm. They contend that "irreparable harm and lack of adequate legal remedy are implied where there are grounds for a constructive trust under Civil Code section 2224," and cite to Heckmann v. Ahmanson, 168 Cal. App. 3d 119, 134 (1985). However, Plaintiffs seem to confuse the substantive requirements of state law with the procedural requirements of the Federal Rules of Civil Procedure. Heckmann does indeed explain that the relevant cause of action under California law does not require an independent showing of irreparable harm, but this in no way abrogates Rule 65 or the Supreme Court's interpretation thereof.[1] Federal law requires a showing that irreparable harm is likely, and Plaintiffs must therefore make that showing in order to obtain their injunction.

The only allegation of irreparable harm made by Plaintiffs is that Be LLC appears to be bankrupt, and that relief is necessary now so that any remaining assets are not lost. In support of this, Plaintiffs point to an e-mail in which Defendant DeSando, CEO of Be LLC, explains that Be LLC has been taken over by a conservatorship and that "there is nothing left." The e-mail goes on to advise that customers "not waste your time trying to get money from a company that is on the verge of bankrupcy [sic]." Plaintiffs also argue that Be LLC's failure to respond to their motion reflects that corporation's financial insecurity. This apparent lack of funds does indeed suggest that if Plaintiffs are forced to wait until the conclusion of these proceedings before obtaining relief, there will be nothing left to satisfy a judgment. While it is not clear at the present moment whether Be LLC retains funds to satisfy a preliminarily imposed constructive trust, it is probable that Be LLC will be far less likely to be able to satisfy a judgment a few months down the road. See Republic of the Phillipines v. Marcos, 862 F.2d 1355 (9th Cir. 1988) ("A court has the power to issue a

---

[1] Because Plaintiffs make no reference to Rule 64 in their papers, we do not address that Rule. Plaintiffs have moved only for a preliminary injunction opposed to some other form of preliminary relief, and therefore their motion must be analyzed under Rule 65.

4

preliminary injunction to prevent a defendant from dissipating assets in order to preserve the possibility of equitable remedies."). This Court therefore concludes that Plaintiffs have established a likelihood of irreparable harm as to Be LLC.

However, because Plaintiffs have proffered no evidence as to irreparable harm with regard to the other Defendants, this factor is not satisfied as to them. There is no evidence that these other defendants are on similarly weak financial footing, and therefore no evidence to support the conclusion that they will be unable to satisfy a judgment at the conclusion of these proceedigns. Therefore, Plaintiffs are not entitled to preliminary relief against those parties.

The remainder of this Order will therefore address on the merits of Plaintiffs' request than a constructive trust be imposed on Be LLC.

### B. Likelihood of Success on the Merits

The central question in this case is whether Defendants violated California's Advance-Fee Talent Service Act ("AFTSA"). Cal. Labor Code § 1701.4(a). In order for the AFTSA to apply to Be LLC, it must first be determined that Be LLC is an advance fee talent service. The AFTSA defines an advance fee talent service as follows:

> "Advance-fee talent service" means a person who charges, attempts to charge, or receives an advance fee from an artist for one or more of the following . . . :
>
> (1) Procuring, offering, promising, or attempting to procure employment, engagements, or auditions for the artist.
>
> (2) Managing or directing the development or advancement of the artist's career as an artist.
>
> (3) Career counseling, career consulting, vocational guidance, aptitude testing, evaluation, or planning, in each case relating to the preparation of the artist for employment as an artist.

Cal. Labor Code § 1701(b).

Based on the evidence attached to Plaintiffs' motion for preliminary relief, Be LLC does indeed qualify as an Advance-Fee Talent Service. Plaintiffs have shown that the

5

contracts at issue explain that Be LLC is "an entertainment company that offers a membership comprised of resources, discounts and a support system designed to help individuals get started on a pathway to success." Tanner Decl. ¶ 3; DuFour Decl. ¶ 3. Be LLC's website indicates that it gives "young artists the resources, services, experience and exposure that they need in order to succeed in the entertainment industry." Preston Decl. ¶ 4. The evidence also shows that Be LLC charges Plaintiffs an advance fee. This evidence situations Be LLC within AFTSA's broad definition of an advance-fee talent service.

Because Be LLC has been shown to be an advance-fee talent service, California's AFTSA applies and imposes certain requirements on all contracts between such a service and its clients. Section 1701.4 of the Labor Code requires that such a contract contain, inter alia, "the representative executing the contract on behalf of the advance-fee talent service," "[a] description of the services to be performed, a statement when those services are to be provided," and "refund provisions if the described services are not provided according to the contract." Cal. Lab. Code § 1701.4. Section 1701.4(a)(4) also establishes certain contractual terms that are to be included verbatim in any such contract between an artist and an advance-fee talent service. According to the copies of contracts attached with Plaintiffs' moving papers, their contracts with Be LLC violated all these provisions of California Labor Code § 1701.4. See DuFour Decl. ex. A. This Court therefore concludes that Plaintiffs have established a likelihood of success as to Be LLC.[2]

This Court therefore concludes that Plaintiffs have established a likelihood of success only against Be LLC.

**C. Balance of Equities/Hardships**

Granting Plaintiffs' request for an injunction against Be LLC would not impose any undue hardship on that Defendant. The constructive trust applies only to the moneys paid by Plaintiffs to Be LLC. There is no apparent reason to conclude that the balance of equities tips in Be's favor.

---

[2] Plaintiffs also pursue relief under California's Unfair Competition statute. However, because the relief sought under both statutes is identical, and this Court has concluded that Plaintiffs have satisfied their burden as to the AFTSA claim, is it not necessary to reach the UCL claim.

6

### D. Public Interest

According to Plaintiffs' evidence, Be LLC systematically violated California law when it entered into contractual relationships with thousands of residents of California. The public certainly has an interest in making ensuring that companies that procure funds in violation of state law are not permitted to use those funds for their own benefit.

## III. CONCLUSION

This Court concludes that Plaintiffs have met their burden, entitling them to an injunction. IT IS HEREBY ORDERED that:

1. A constructive trust is imposed on those sums of money that were paid by Plaintiffs to Be LLC according to the contracts between those parties.

2. No later than 14 days after receiving notice of this Order, Be LLC shall place those funds into an interest-bearing fiduciary account maintained by an FDIC-insured financial institution, and shall notify this Court of that action.

3. The bond for this injunction shall be set at $2,000 under Federal Rule of Civil Procedure 65(c).

**IT IS SO ORDERED.**

Dated: December 7, 2009

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE