IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY DUFOUR and KENNETH TANNER,<br><br>    Plaintiffs,<br><br>  v.<br><br>BE LLC et al.,<br><br>    Defendants.                        / | No. C 09-3770 CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

     Plaintiffs Timothy DuFour and Kenneth Tanner brought this suit against Defendants Be., LLC ("Be"), Dynamic Showcases, LLC ("Dynamic Showcases"), Monterey Financial Services, Inc. ("Monterey"), MTS Holdings Group, Inc. ("MTS"), California corporations, 1901 Co. ("1901"), a Nevada corporation, Be Marketing Limited ("Be UK"), a private limited company registered in England and Wales, Erik DeSando, Barry Falck, Jacob Steinbeck, Vitaly Rashkovan ("Rashkovan"), and Does 1-100, inclusive, in the United States District Court for the Northern District of California, San Francisco Division. Defendants Rashkovan, MTS, and 1901 Co. now move for dismissal under Federal Rule of Civil Procedure 12(b)(6). This Court concludes that Plaintiff has failed to state a claim for aiding and abetting a violation of California Labor Code section 1701 and California's Unfair Competition Law, and civil conspiracy to violate Cal. Lab. Code section 1701 and

California's Unfair Competition Law as to the moving defendants. The Court hereby GRANTS dismissal of Plaintiff's claims as to Defendants MTS Holding Group, 1901 Co., and Vitaly Rashkovan, without prejudice.

## BACKGROUND

Plaintiffs DuFour and Tanner contracted with Be., LLC to "provide 'discounts' for acting lessons and for access to auditions for its customers before entertainment industry professionals, who could in turn provide gainful employment in the entertainment industry." Complaint ¶ 1. Plaintiffs allege that Be Productions (Be., LLC) violated the Advance Fee Talent Services Act ("AFTSA") by "(1) publishing false and/or misleading information about its prices and services; (2) charging class members for registering or listing them as customers; (3) referring class members to third parties for a variety of services, where Defendants had a direct or indirect financial interest in those parties or accepted any compensation for the referral." Id. ¶ 2. They also allege that Be Productions also violates the California Unfair Competition Law ("UCL"). Id.

Plaintiff's complaint also points to various representations by Be Productions as to the efficacy and purpose of their services, which Plaintiffs allege are misleading. For instance, Plaintiffs allege that Be Productions represents their screen tests to be selective, based on talent, but rather they are allegedly "not determined by a customer's likelihood of professional success, but financial ability to pay." Compl. ¶ 50. Plaintiffs attached a statement posted on the internet by an alleged former employee in support of this allegation. Id. ex. 6.

As to the Defendants MTS, 1901 Co., and Rashkovan, Plaintiffs allege they are responsible for the AFTSA and UCL violations under alternative theories of vicarious liability for aiding and abetting and/or civil conspiracy. Specifically, Plaintiffs allege that 1901 Co., in exchange for loaning Be LLC substantial sums of money, registered security interests in all Be LLC's property. Id. ¶ 57. Plaintiffs further allege that following "Be Productions 'consolidation,' MTS has begun to arrange auditions and talent showcases for Be Productions' customers, and refer them to Be Productions service providers." Id ¶ 58.

2

1 Plaintiffs quote gonnabe.com (Be's alleged web portal) as saying that MTS is "an
2 independent company that was contracted by Be LLC to provide the services to which our
3 members are entitled." Id. As to Rashkovan, plaintiffs allege that Rashkovan is the owner of
4 MTS, and that he "personally participated in or planned the conduct alleged herein, and
5 receives income from Be Productions in the form of distributions or salary from MTS." Id. ¶
6 59.

**DISCUSSION**

I. <u>Legal Standard</u>

Under Rule 12(b)(6), a party may move to dismiss a cause of action which fails to state a claim upon which relief can be granted. On a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Wyler-Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998). To survive a Rule 12(b)(6) motion to dismiss, the complaint must state a claim to relief that is "plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the pleaded factual allegations "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Moreover, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Despite the requirement that factual allegations in the complaint be taken as true, a legal conclusion "couched as a factual allegation" need not be accepted. Id.

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleadings was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect "without contradicting any of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted. Id. at 296-97.

///

///

## II. Declaratory Judgment

Plaintiffs have not alleged any facts in support of their First Cause of Action against moving Defendants. To survive a Rule 12(b)(6) motion to dismiss, the complaint must state a claim to relief that is "plausible on its face." Iqbal, 129 S. Ct. at 1949. A cause of action for declaratory judgment under the Declaratory Judgment Act requires that both the plaintiff and the defendants be interested parties. 28 U.S.C. § 2201. Plaintiffs allege that the contracts with Be LLC are illegal, and therefore void; however, they allege no facts to demonstrate that Defendants are interested parties in the bilateral contracts between Be LLC and Plaintiffs. They merely allege, in a legally conclusory manner, that "Defendants and the Class have adverse legal interests, and there is a substantial controversy between the Class and Defendants of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether Be Productions' contracts are voidable at the Class members' options." Compl. ¶ 64. Since Defendants are not parties to the contracts between Be LLC and Plaintiffs, they are not interested parties in the validity of the contracts, and therefore the First Cause of Action is hereby DISMISSED without prejudice.

## III. AFTSA

Plaintiffs Second Cause of Action is for violations of the AFTSA against all defendants. As to MTS and Rashkovan, Plaintiffs specifically allege that they directly "violate subsections 1701.12(j) and (k) of the California Labor Code by referring Class members to Dynamic Showcases and Be UK and by accepting compensation for the referrals."[1] Compl. ¶ 83. The AFTSA controls contracts between artists and advance-fee talent service providers. Such service providers are defined by statute as "a person who charges, attempts to charge, or receives an advance fee from an artist for one or more of the following." Cal. Lab. Code section 1701.1(b). The statute then lists certain activities such as counseling, procurement of employment, and management. However, the Plaintiffs do not

---

[1] Cal. Lab. Code sections 1701.1 to 1701.20 were repealed and reenacted in 2009, effective January 1, 2010, as 1701 to 1705.3. However, the former sections control.

4

allege, and do not seek to infer, that MTS entered into any contracts with artists. Plaintiffs specifically allege that MTS is an independent company contracted by Be LLC to provide the services that Be LLC had promised to their customers. Compl. ¶ 58. MTS is paid by Be LLC, not artists. Id. While Plaintiffs allege that MTS violates California Labor Code subsection 1701.12(j) and (k), those sections do not apply to MTS as MTS is not an advance-fee talent service provider and is therefore beyond the ambit of the statute.[2]

Plaintiffs also allege that Steinbeck and 1901 Co. "made a substantial loan to Be LLC in exchange for a security interest in Be LLC." Compl. ¶ 87. They further allege that "Steinbeck and 1901 Co. obtained very detailed information about the Be Productions operations alleged in this Complaint in the process of making this loan . . . " and, " . . . this loan enabled Be LLC to continue and expand its operations." Id. No facts are alleged that would give rise to an inference, reasonable or otherwise, that 1901 Co. is an advance-fee talent service provider. It is therefore beyond the ambit of the statute.

Plaintiffs also allege, under a theory of vicarious liability, that 1901 Co., MTS, and Rashkovan aided and abetted the previously alleged violations of the AFTSA. Defendants correctly argue that aider and abettor liability may only arise when either the statute specifically allows for such a cause of action, or when the acts in issue constitute an intentional tort. See Wynn v. NBC Universal, 234 F. Supp. 2d 1067, 1113-14 (C.D. Cal. 2002) (holding there is no claim for aiding and abetting violation of the Age Discrimination in Employment Act because the act does not specifically authorize such liability, in contrast with the California Fair Employment and Housing Act, which specifically does). The

---

[2] Cal. Lab. Code section 1701.12 states that,
> An advance-fee talent service, or its agent or employee, may not do any of the following:
> ...
> (j) Refer an artist to any person who charges the artist a fee for the services described in subdivisions (e) to (i), inclusive, in which the advance-fee talent service has a direct or indirect financial interest.
> (k) Accept any compensation for referring an artist to any person charging the artist a fee for the services described in subdivisions (e) to (I), inclusive.

5

1 AFTSA does not give rise to an independent cause of action for aiding and abetting a
2 violation.

3 While third-party liability typically exists for actions in tort, Plaintiff has no authority
4 for the proposition that the statutory action at issue in this case derives from tort law.
5 Plaintiffs do not offer any case law to support their assertion that, "by default, secondary
6 liability applies to every statutory violation." Pl. Opp. at 4:25. Plaintiffs cite to the
7 proposition in Perfect 10, Inc. v. Cybernet Ventures, Inc. that courts "default[] to the
8 background assumption that secondary liability applies to right of publicity claims and it is to
9 be found in conformance with the requirements established in the Restatement." 213 F.
10 Supp. 2d at 1184. However, plaintiffs replace the words "right of publicity," with
11 "statutory," thereby misconstruing the holding in the case. Id. (emphasis added). Perfect 10
12 simply did not hold that statutory causes of action are presumed to provide for aiding and
13 abetting liability.

14 Even if the AFTSA were to be read as allowing for vicarious liability, aiding and
15 abetting requires actual knowledge of the tortious conduct and intent to give substantial
16 assistance or encouragement to the conduct. Def. Rpl. at 7:17-21 (citing Casey v. U.S. Bank
17 National Assn., 127 Cal. App. 4th 1138, 1144 (2005)). While knowledge may be pled
18 generally under Rule 9(b), "it does not relieve a pleader of the burden of alleging the nature
19 of the knowledge a defendant purportedly possessed. In the case of an aider and abettor
20 under California law, this must be actual knowledge of the primary violation." Neilson v.
21 Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1119 (C.D. Cal. 2003). In Neilson, the
22 court dismissed claims for aiding and abetting that alleged only constructive knowledge. Id.
23 at 1118-1119. The only knowledge alleged in this case is the inference that because 1901
24 Co. leant money to Be, they must have known of Be's underlying tortious conduct (it should
25 again be noted that violations of AFTSA do not involve tortious conduct), and therefore
26 intended to assist it by lending money.

27 Plaintiffs allege, in the alternative, that derivative liability exists because the
28 Defendants entered into a civil conspiracy to violate AFTSA. A civil conspiracy requires

6

1 agreement to commit or assist in committing a violation, and an overt act in furtherance of
2 the conspiracy. No agreement is alleged, and no overt act in furtherance of such an
3 agreement is alleged as to any of the moving Defendant. Since Plaintiffs have failed to state
4 a cognizable legal theory upon which we may predicate liability, the Second Cause of Action
5 is hereby DISMISSED without prejudice.

IV.     Unfair Competition Law

Plaintiffs also allege that Defendants are liable for a conspiracy to violate California's Unfair Competition Law. Cal. Bus. & Prof. Code § 17200. Defendants correctly point out that no unfair practices are alleged, and no unlawful conduct is alleged as to Defendants. Since no conspiratorial agreement or overt acts are alleged as to any defendants, Plaintiffs have failed to sufficiently allege a conspiracy to violate the UCL. Even assuming Plaintiffs sufficiently allege a conspiracy, the Third Cause of Action fails to meet the heightened pleading standard of Rule 9(b). The Ninth Circuit applies the heightened pleading requirement to claims under the UCL that rely, at least in part, on the UCL's fraudulent prong. Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009) (citing Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1102-1105 (9th Cir. 2003)). "In fact, we have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL. Kearns, 567 F.3d at 1125. Since the complaint fails even under the generalized pleading standard for knowledge, it necessarily fails under the heightened standard and is therefore DISMISSED without prejudice.

V.      Motion to Strike Matter Concerning Mr. Rashkovan's History

We decline to reach the issue of whether the matter concerning Mr. Rashkovan is appropriately pleaded in this matter, as the resolution of the motion to dismiss moots the issue.

**IT IS SO ORDERED.**

Dated: February 2 , 2010           CHARLES R. BREYER
                                   UNITED STATES DISTRICT JUDGE