Ethan Preston (263295)
PRESTON LAW OFFICES
21001 N. Tatum Blvd., Ste. 1630-430
Phoenix, Arizona 85050
(480) 269-9540 (telephone)
(866-509-1197 (facsimile)
ep@eplaw.us

Robert M. Bramson (102006)
Michael S. Strimling (96135)
BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
 (925) 945-0200 (telephone)
 (925) 945-8792 (facsimile)
rbramson@bramsonplutzik.com
mstrimling@bramsonplutzik.com

David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| TIMOTHY and JEANNE DuFOUR and KENNETH TANNER, individuals, on their own behalves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BE., LLC, DYNAMIC SHOWCASES, LLC, California limited liability companies, MONTEREY FINANCIAL SERVICES, INC., a California corporations, BE MARKETING LIMITED, a private limited company registered in England and Wales, ERIK DeSANDO, BARRY FALCK, JACOB STEINBECK, and DOES 1-100, inclusive,<br><br>Defendants. | No. 09-03770-CRB<br><br>Judge Charles R. Breyer<br><br>**PLAINTIFFS' NOTICE OF MOTION, MOTION FOR PROTECTIVE ORDER, AND NOTICE OF LODGING OF PROTECTIVE ORDER**<br><br>**Date:** October 1, 2010<br>**Time:** 10:00 am<br>**Location:** Courtroom 8, 19th Floor<br>450 Golden Gate Ave.<br>San Francisco, CA 94102 |

**NOTICE OF MOTION**

NOTICE IS HEREBY GIVEN that Plaintiffs Timothy DuFour, Jeanne DuFour, and Kenneth Tanner ("Plaintiffs") will move the Court for a protective order pursuant to Rule 26(c) in the above referenced proceedings on October 1, 2010 at 10:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at Courtroom 8, 19th Floor, 450 Golden Gate Ave., San Francisco, California 94102, before the Honorable Charles R. Breyer.

**MOTION FOR PROTECTIVE ORDER**

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support of the Motion, the authorities cited therein and the supporting declaration, oral argument of counsel, and any other matter that may be submitted at the hearing.

A number of Defendant Jacob Steinbeck's ("Steinbeck") requests for production of documents seek privileged communications between Plaintiffs' counsel and former customers of Defendant Be., LLC who contacted Plaintiffs' counsel to request to be included in the class action. In doing so, Steinbeck seeks to invade the privilege and the work product of counsel. Absent a stipulation or protective order, a party asserting an evidentiary privilege must compile and produce a privilege log at the same time the substantive response to a discovery request is due. Steinbeck only agreed to waive this deadline on the condition that Plaintiffs filed this Motion by August 30, 2010 – but Steinbeck and his attorneys have not produced any log of the extensive communications his attorneys assert are privileged.

A document-by-document privilege log listing each and every communication between Plaintiffs' counsel and former customers of Defendant Be., LLC would itself invade the privilege and work product and moreover is sought because it is burdensome, totaling potentially hundreds of entries, rather than because it would provide any material benefit in assessing Plaintiffs' privilege claim or claim on the merits. Plaintiffs seek a protective order limiting their privilege log obligations to noting that other potential clients have contacted plaintiffs' counsel whose identities and communications are privileged or, in the alternative, some other format acceptable to the Court, under time constraints that do not pose an undue burden on Plaintiffs.

**NOTICE OF LODGING PROPOSED ORDER**

Pursuant to General Order No. 45(VIII), movant lodged with the Court the proposed order below by emailing a Word file of the order below to "CRBpo@cand.uscourts.gov." *See* U.S. District Court for the Northern District of California, *How do I...? / Where do I...?*, at https://ecf.cand.uscourts.gov/cand/faq/how_do_i/how_do_i.htm (last updated Jun. 18, 2009).

Dated: August 27, 2010                    By:  s/Ethan Preston
                                          Ethan Preston (263295)
                                          PRESTON LAW OFFICES
                                          21001 N. Tatum Blvd., Ste. 1630-430
                                          Phoenix, Arizona 85050
                                          (480) 269-9540 (telephone)
                                          (866-509-1197 (facsimile)
                                          ep@eplaw.us

                                          Robert M. Bramson (102006)
                                          Michael S. Strimling (96135)
                                          BRAMSON, PLUTZIK, MAHLER &
                                          BIRKHAEUSER, LLP
                                          2125 Oak Grove Road, Suite 120
                                          Walnut Creek, California 94598
                                          (925) 945-0200 (telephone)
                                          (925) 945-8792 (facsimile)
                                          rbramson@bramsonplutzik.com
                                          mstrimling@bramsonplutzik.com

                                          David C. Parisi (162248)
                                          Suzanne Havens Beckman (188814)
                                          PARISI & HAVENS LLP
                                          15233 Valleyheart Drive
                                          Sherman Oaks, California 91403
                                          (818) 990-1299 (telephone)
                                          (818) 501-7852 (facsimile)
                                          dcparisi@parisihavens.com
                                          shavens@parisihavens.com

                                          *Attorneys for Plaintiffs*

Ethan Preston (263295)
PRESTON LAW OFFICES
21001 N. Tatum Blvd., Ste. 1630-430
Phoenix, Arizona 85050
(480) 269-9540 (telephone)
(866-509-1197 (facsimile)
ep@eplaw.us

Robert M. Bramson (102006)
Michael S. Strimling (96135)
BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
 (925) 945-0200 (telephone)
 (925) 945-8792 (facsimile)
rbramson@bramsonplutzik.com
mstrimling@bramsonplutzik.com

David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

TIMOTHY and JEANNE DuFOUR and
KENNETH TANNER, individuals, on
their own behalves and on behalf of all
others similarly situated,

             Plaintiffs,

      v.

 BE., LLC, DYNAMIC SHOWCASES,
LLC, California limited liability
companies, MONTEREY FINANCIAL
SERVICES, INC., a California
corporations, BE MARKETING
LIMITED, a private limited company
registered in England and Wales, ERIK
DeSANDO, BARRY FALCK, JACOB
STEINBECK, and DOES 1-100, inclusive,

             Defendants.

No. 09-03770-CRB

Judge Charles R. Breyer

**PLAINTIFFS' MEMORANDUM OF
POINTS AND AUTHORITIES IN
SUPPORT OF THEIR MOTION FOR
MOTION FOR PROTECTIVE ORDER**

**Date:**    October 1, 2010
**Time:**    10:00 am
**Location:**  Courtroom 8, 19th Floor
             450 Golden Gate Ave.
             San Francisco, CA 94102

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT MOTION FOR CASE MANAGEMENT ORDER**

Plaintiffs Timothy DuFour, Jeanne DuFour, and Kenneth Tanner ("Plaintiffs") seek a protective order under Federal Rule 26(c) as to Defendant Jacob Steinbeck's ("Steinbeck") discovery requests for certain communications between Plaintiffs' counsel and former customers of Be., LLC.

## I.      Background to this Motion

On June 22, 2010, the Court denied Defendants' motions to dismiss in part. (Dkt. # 93.) Steinbeck served his first set of requests for production of documents ("RPDs") on Plaintiffs on August 2, 2010. (Preston Decl. ¶ 2.) Several RPDs seek communications between Plaintiffs' counsel and unnamed class members (former customers of Be., LLC) ("Communications"). (*Id.*) Plaintiffs' counsel estimates that over one hundred and fifty class members have contacted Plaintiffs' counsel, virtually all to inquire how they can participate or benefit from this lawsuit, and that there are several hundred Communications that should be withheld for the reasons set forth in this Motion. (*Id.* ¶ 3.)

### A.      Plaintiffs' Obligation to Substantiate Their Privilege Claims

Parties that withhold documents based on the claim of an evidentiary privilege need only "expressly make the claim" and

> describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 25(b)(5)(A) (quoted by *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1147 (9th Cir. 2005)).

> [P]articularly in discovery-intensive litigation, compiling a privilege log within 30 days may be exceedingly difficult, even for counsel who are sophisticated, experienced, well-funded, and acting in good faith. . . . In these circumstances, litigants are not without recourse [but can] *either secure an appropriate agreement or stipulation from the relevant litigants or, failing that, apply for a discovery or protective order.*

*Id.* at 1149 n.3 (emphasis added). Further, *Burlington Northern* acknowledged "(and [took] this opportunity to make district courts aware) that litigants seeking discovery may attempt to abuse the rule we announce today by propounding exhaustive and simultaneous discovery requests."

*Id.* Indeed, in this case, Plaintiffs' counsel believes that compiling a document-by-document privilege log for these Communications would divert attorney time and resources to such an extent that it would prejudice Plaintiffs' opposition to summary judgment or would require the Court to further delay the briefing schedule above. (Preston Decl. ¶ 3.)

### B.    Plaintiffs Endeavored to Comply With *Burlington Northern*

Consistent with *Burlington Northern*, Plaintiffs' counsel contacted Steinbeck's counsel to negotiate a stipulation for an abbreviated privilege log. (*Id.* ¶ 4.) Steinbeck's counsel only agreed to continue the deadline to produce a privilege log on the condition that Plaintiffs filed this Motion by August 30. (*Id.*)

Steinbeck and Plaintiffs held a Rule 37(a) conference on August 17. Although Plaintiffs presented the most significant authorities in this brief in their Rule 37 conference, Steinbeck counsel's persisted in its refusal to stipulate to an abbreviated privilege log. (*Id.* ¶ 5.) (It is significant that Steinbeck has asserted the attorney-client privilege in essentially all his responses but has not provided any privilege log or even requested any stipulation continuing the deadline for the privilege log. (*Id.* ¶ 7.))

## II.    The Right to Privacy Applies to the Communications and Related Documents

The right to privacy secured under article I, section 1 of the California Constitution prevents Plaintiffs from disclosing the identities of the class members who contacted Plaintiffs' counsel. "[C]ompelling disclosure of the identity of persons who consult with counsel implicates their right of privacy." *Tien v. Superior Court*, 139 Cal. App. 4th 528, 539 (2006).

> [T]he identity of an attorney's clients is sensitive personal information that implicates the clients' rights of privacy. Every person has the right to freely confer with and confide in his attorney in an atmosphere of trust and serenity. Clients routinely exercise their right to consult with counsel, seeking to obtain advice on a host of matters that they reasonably expect to remain private. [In many different situations clients] may also consult an attorney with the expectation that the consultation itself, as well as the matters discussed therein, will remain confidential until such time as the consultation is disclosed to third parties, through the filing of a lawsuit, the open representation of the client in dealing with third parties or in some other manner.

*Id.* at 540-41 (quoting *Hooser v. Superior Court*, 84 Cal. App. 4th 997, 1005-06 (2000), punctuation omitted). Consequently, it has been found that the "the privacy rights of the class

members who contacted plaintiffs' counsel outweigh any interest [defendant] may have in learning their identity." *Id*. at 540. Class members have the same privacy interest in their Communications with Plaintiffs' counsel for the reasons stated below – even if the class is not yet certified or even if an attorney-client relationship is *never* formed.

The right to privacy implicates not only the communications between Plaintiffs' counsel and class members, but also pre-existing documents that class members gave to Plaintiffs' counsel which contain their personal information. (*Cf*. Preston Decl. ¶ 2.) Notably, Steinbeck himself has redacted the names of class members from documents produced to Plaintiffs on the basis of the right to privacy under California law. (*Id*. ¶ 7.) Class members' privacy interest in their Communications with Plaintiffs' counsel is altogether more compelling than their privacy interest in communications to Defendants. Moreover, Steinbeck does not have any compelling need to identify those class members who have contacted Plaintiffs' counsel – he has or should have access to most of the information relevant to his case (including the identities of the members of the alleged class). *Cf. Tien*, 139 Cal. App. 4th at 540 (defendant had no compelling need to identify class members who contacted plaintiffs' counsel where defendant knew the identity of all class members and already had possession of underlying facts of case).

**III.    The Attorney-Client Privilege Applies to the Communications and Related Documents**

This Motion contends there are two categories of Communications which fall under the attorney-client privilege. In the first category of Communications, former Be customers initiated contact with Plaintiffs' counsel either directly or through counsel's website form. The second category of Communications is any exchange of information between Plaintiffs' counsel and the former Be customers after this initial contact.

The Ninth Circuit has broadly held that the attorney-client privilege "plainly" covers "[p]rospective clients' communications with a view to obtaining legal services . . . regardless of whether they have retained the lawyer, ***and regardless of whether they ever retain the lawyer***." *Barton v. U.S. Dist. Court for Central Dist. of Cal.*, 410 F.3d 1104, 1111 (9th Cir. 2005)

---

(emphasis added).[1] Unless the attorney-client privilege applies when a person inquires with an attorney about his services, "people could not safely bring their problems to lawyers unless the lawyers had already been retained." *Id.* "[N]o person could ever safely consult an attorney for the first time with a view to his employment if the privilege depended on the chance of whether the attorney after hearing his statement of the facts decided to accept the employment or decline it." *Id.* (citation omitted). Under this principle, *Barton* granted mandamus relief against a district court order that would have required plaintiffs' counsel to produce information relevant to a putative class action collected from prospective clients through their website.

In particular, *Barton* found that attorney-client privilege applies when a person supplies information to an attorney would be "***likely to think that he is requesting that the law firm include him in [a] class action***" even when the information was sent under an express disclaimer that there was no attorney-client relationship, and there was no assurance that any such relationship would ever be formed. *Id.* at 1111 (emphasis added). *Barton* inferred the prospective client's subjective intent from the circumstances of the communication:

> A layman seeing the law firm's internet material would likely think he was being solicited as a potential client. In all likelihood, a very high proportion of questionnaire submitters completed the questionnaire "with a view to retention of" the law firm, and thus submitted them "in the course of" an attorney-client relationship.

*Id.* at 1110 (footnotes omitted). *Barton* pointed to several specific factors that supported its conclusion, most of which can be found here. One of the plaintiffs' responses indicated that the plaintiff "was trying 'to get in the class action,'" just as many of the Communications indicate the Be customer's desire to become involved in this class action. *Id. Barton* also found that the "nature of information supplied" (i.e., information relevant class claims) and "the context of supplying information to lawyers who apparently were bringing a . . . class action" also weighed

---

[1]   *Barton* dealt with California law, but the result is the same under federal privilege law, which recognizes the same underlying principle. "The attorney client privilege applies to confidential communications by . . . a person who sought to become a client . . . to a lawyer . . .made for the primary purpose of securing legal advice or legal services[.]" *Hartford Fire Ins. Co. v. Garvey*, 109 F.R.D. 323, 327 (N.D.Cal.,1985) (citations omitted). *See also Goff v. Harrah's Operating Co., Inc.*, 240 F.R.D. 659, 661 n.1 (D. Nev. 2007) (citing multiple authorities for proposition that attorney-client privilege typically applies to "party's communications to an attorney seeking a prospective attorney-client relationship").

1   in favor of privilege. *Id*. Many of the Communications indicate an awareness that this case is a

2   class action, and most of the Communications ultimately involved an exchange of information

3   relevant to the Be customers' claims. In this case, Be customers' desire to be included in the

4   class action or to be informed about its possible benefits can be easily inferred from their nature

5   of their contacts with Plaintiffs' counsel. Indeed, "[t]here would be no room for confusion had

6   [these] communication been in the traditional context of a potential client going into a lawyer's

7   office and talking to the lawyer," but the fact that Be customers mainly contacted Plaintiffs'

8   counsel through their website and via email does "not change the applicable [legal] principles" –

9   or the result. *Id*. at 1112. The Communications are privileged.

10  **IV.    The Common Interest Privilege Applies**

11         Class members' Communications to Plaintiffs' counsel also fall under the "common

12  interest" or "joint prosecution" privilege.[2] This privilege "applies where (1) the communication

13  is made by separate parties in the course of a matter of common interest; (2) the communication

14  is designed to further that effort; and (3) the privilege has not been waived." *United States v.*

15  *Bergonzi*, 216 F.R.D. 487, 495 (N.D. Cal. 2003) (citation omitted). The privilege "basically

16  expands application of the attorney-client privilege" by "qualif[ying] the requirement that a

17  communication be made in confidence": confidential communications retain their confidential

18  nature to the extent they "are shared between members of a joint [prosecution]." *Griffith v.*

19  *Davis*, 161 F.R.D. 687, 691 (C.D. Cal. 1995). No written agreements are required to invoke the

20  privilege. *See United States v. Stepney*, 246 F. Supp. 2d 1069, 1079 n.5 (N.D. Cal. 2003).

21         Plaintiffs have a common interest with the other members of the class. Courts in the

22  Ninth Circuit have recognized that the relator and the government have a common interest with

23  respect to the prosecution of the relator's False Claims Act case, *United States ex rel. Bagley v.*

24  *TRW, Inc.*, 212 F.R.D. 554, 562 (C.D. Cal. 2003), and an insurer and its insured with respect to

25  the defense of a covered claim, *Lectrolarm Custom Systems, Inc. v. Pelco Sales, Inc.*, 212 F.R.D.

---

26  2  While this interest is most commonly called the "joint defense privilege" in reference to
27     cooperating defendants, it has been recognized that "cooperating plaintiffs must be extended
       that same privilege": "cooperating defendants [are not] situated better than their plaintiff
28     counterparts." *Sedlacek v. Morgan Whitney Trading Group, Inc.*, 795 F. Supp. 329, 331
       (C.D. Cal. 1992).

567, 571 -573 (E.D. Cal. 2002). More to the point, federal courts have found that putative class members have a common interest with class representatives such that the common interest privilege applies. *See Schachar v. Am. Academy of Ophthalmology, Inc.*, 106 F.R.D. 187, 192 (N.D. Ill. 1985). Even if Be customers contacted Plaintiffs' counsel to share information relevant to their own individual lawsuits against Steinbeck, their Communications to Plaintiffs' counsel would still be privileged.

Moreover, the communications are clearly the result of plaintiffs' counsel's industry and investigation, and thus work product. Steinbeck's counsel wants to appropriate the result of that industry without itself putting resources into investigation of this matter. California Code of Civil Procedure section 2018.020 states that the policy underlying the work product privilege is to "(a) Preserve the rights of attorneys to prepare cases for trial with that degree of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of those cases" and "(b) Prevent attorneys from taking undue advantage of their adversary's industry and efforts." The requested information violates both of these policies.

## V.   An Abbreviated Privilege Log Is Appropriate

Again, Plaintiffs' counsel estimates that their responses to Steinbeck's RPDs withhold several hundred Communications for the reasons stated above, and will redact perhaps one hundred or more pre-existing documents for class members' personal information (per *Tien*). Plaintiffs are now vigorously pursuing their own discovery against Defendants and a variety of third-party witnesses to prepare their oppositions to Defendants' motions for summary judgment on November 15. (Preston Decl. ¶ 3.) Indeed, Plaintiffs' counsel anticipates substantial motion practice to compel appropriate discovery from one or more Defendants. (*Id*.) Under these circumstances, compiling a document-by-document privilege log would divert attorney time and resources, "even for counsel who are sophisticated, experienced, well-funded, and acting in good faith," such that it would either prejudice Plaintiffs' opposition to summary judgment or require further delay on Defendants' motion for summary judgment. *Burlington N.*, 408 F.3d at 1149 n.3. (*Cf.* Preston Decl. ¶ 3.)

However, Rule 26(b)(5) was intended to be flexible enough to adapt to different situations like this without working undue burden:

> [Rule 26(b)(5)(A)] does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection. *Details concerning time, person, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories.*

Fed. R. Civ. P. 26(b) advisory committee note on 1993 amendment (emphasis added). Courts in this Circuit have recognized that alternative privilege log formats are appropriate when "a document-by-document listing would be unduly burdensome," particularly where "the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing whether the privilege claim is well grounded." *In re Imperial Corp. of Am.*, 174 F.R.D. 475, 478  (S.D. Cal. 1997) (following, quoting *SEC v. Thrasher*, No. 92-6987, 1996 WL 125661, at *1 (S.D.N.Y. Mar. 20, 1996)). Parties in such a situation may instead provide (1) an "aggregate listing of the numbers of the withheld documents," (2) an "identification of the time periods encompassed by the withheld documents," and (3) a declaration that the withheld documents contained communications between the plaintiffs and counsel "for the purpose of facilitating the rendition of legal services to plaintiffs" that were intended to be confidential. *Id*. at 479.

An alternate privilege log format is appropriate here. In *Fifty-Six Hope Road Music, Ltd. v. Mayah Collections, Inc.*, No. 05-01059, 2007 WL 1726558 (D. Nev. June 11, 2007), the plaintiffs asserted that emails between plaintiffs and their counsel, as well as between plaintiffs' counsel, numbered in the "hundreds or thousands," and the court held that, under those circumstances, "requiring Plaintiffs to provide a privilege log for each privileged email communication would be unduly burdensome and not serve the legitimate purposes of discovery under [Rule 26.]" *Id*. at *8 (ordering privilege log similar to *Thrasher*). *Cf. Moreno v. Baca*, No. 00-7149, 2007 WL 549734, at *1 n.1 (C.D.Cal. Feb. 16, 2007) (following *Imperial*, category-based privilege log was sufficient to avoid waiver of privilege, where "the scope of the discovery requests and the burden of responding to the requests as framed" made "document-by-document

1   itemization" burdensome); *Caliper Techs. Corp. v. Molecular Devices Corp.*, 213 F.R.D. 555,

2   563 (N.D. Cal. 2003) (permitting parties to use *Thrasher* privilege log format). Certainly,

3   Steinbeck is hard pressed to complain that Plaintiffs' proposed privilege log is inadequate: he has

4   not provided *any* privilege log at all or even made any effort to seek an extension. (Preston Decl.

5   ¶ 7.)

6   **VI.     Additional Remedies May Be Proper**

7          The sole reason Steinbeck has advanced for seeking these Communications is to attack

8   the propriety and adequacy of Plaintiffs' counsel. (Preston Decl. ¶ 6 (Steinbeck's counsel

9   indicated purpose of pursuing Communications was "to confirm that [Plaintiff's attorneys'

10  communications with putative class members] are proper".)) This is a fishing expedition, which

11  can wait until class certification – after Steinbeck's motion for summary judgment.

12         For their own part, Plaintiffs contend that Steinbeck's motivation is to divert resources

13  away from defending against his motion for summary judgment. Steinbeck's insistence on a

14  document-by-document privilege log, particularly where Steinbeck himself has not logged a

15  single item, calls to mind *Burlington Northern*'s warning to district courts that "litigants seeking

16  discovery may attempt to abuse [the deadline for producing a privilege log] by propounding

17  exhaustive and simultaneous discovery requests." *Burlington N.*, 408 F.3d at 1149 n.3. (*Cf.*

18  Preston Decl. ¶¶ 2, 7.)  Steinbeck has propounded 76 requests for production of documents. A

19  defendant in a class action "prefer[s] not to be successfully sued by anyone": defendants' attacks

20  on the adequacy of class counsel's are "like permitting a fox, although with a pious countenance,

21  to take charge of the chicken house." *In re Diasonics Sec. Litig.*, 599 F. Supp. 447, 451 (N.D.

22  Cal. 1984) (citation omitted).

23         Nonetheless, if Steinbeck is going to attack Plaintiffs' counsel, the attack can wait until

24  class certification is an issue. Discovery as to the Communications should be continued until a

25  briefing schedule for class certification has been set.

26

27  Dated: August 27, 2010                    By:  _s/Ethan Preston_
                                                  Ethan Preston (263295)
28                                                PRESTON LAW OFFICES
                                                  21001 N. Tatum Blvd., Ste. 1630-430

Phoenix, Arizona 85050
(480) 269-9540 (telephone)
(866-509-1197 (facsimile)
ep@eplaw.us

Robert M. Bramson (102006)
Michael S. Strimling (96135)
BRAMSON, PLUTZIK, MAHLER &
BIRKHAEUSER, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
(925) 945-0200 (telephone)
(925) 945-8792 (facsimile)
rbramson@bramsonplutzik.com
mstrimling@bramsonplutzik.com

David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

*Attorneys for Plaintiffs*

Ethan Preston (263295)
PRESTON LAW OFFICES
21001 N. Tatum Blvd., Ste. 1630-430
Phoenix, Arizona 85050
(480) 269-9540 (telephone)
(866-509-1197 (facsimile)
ep@eplaw.us

Robert M. Bramson (102006)
Michael S. Strimling (96135)
BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
 (925) 945-0200 (telephone)
 (925) 945-8792 (facsimile)
rbramson@bramsonplutzik.com
mstrimling@bramsonplutzik.com

David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| TIMOTHY and JEANNE DuFOUR and KENNETH TANNER, individuals, on their own behalves and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BE., LLC, DYNAMIC SHOWCASES, LLC, California limited liability companies, MONTEREY FINANCIAL SERVICES, INC., a California corporations, BE MARKETING LIMITED, a private limited company registered in England and Wales, ERIK DeSANDO, BARRY FALCK, JACOB STEINBECK, and DOES 1-100, inclusive, <br><br> Defendants. | No. 09-03770-CRB <br><br> Judge Charles R. Breyer <br><br> **[PROPOSED] PROTECTIVE ORDER** |

Plaintiffs' Motion for Protective Order came on for hearing before this Court, the Court having reviewed the Motion, and after consideration of all papers filed by the parties, and all other matters presented to the Court, the Court finds that it should grant the Motion. IT IS HEREBY ORDERED THAT

1.      The communications between Be., LLC customers and Plaintiffs' counsel identified in declaration supporting Plaintiffs' Motion for Protective Order are privileged.

2.      The identity of Be., LLC customers who consulted with Plaintiffs' counsel is subject to those Be., LLC customers' right to privacy under the California constitution.

3.      Pursuant to *Moreno v. Baca*, No. 00-7149, 2007 WL 549734, (C.D. Cal. Feb. 16, 2007) and *In re Imperial Corp. of Am.*, 174 F.R.D. 475 (S.D. Cal. 1997), the declaration supporting Plaintiffs' Motion for Protective Order  is sufficient to demonstrate under Rule 25(b)(5)(A) that the documents identified therein are privileged.

Dated:                              By: _____
                                         Hon. Charles R. Breyer
                                         United States District Judge