UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| TIMOTHY DUFOUR, *et al.*, | No. C 09-03770 LB |
| Plaintiffs, | **ORDER RE JOINT DISCOVERY LETTER** |
| v. | |
| BE LLC, *et al.*, | [ECF No. 150] |
| Defendant. | |

On September 21, 2010, the district court referred all discovery in the above-captioned matter to the undersigned. Referral Order, ECF No. 116 at 1.[1] On July 8, 2011, the parties filed a joint discovery letter in which Plaintiffs Timothy DuFour, Jeanne DuFour, and Kenneth Tanner (collectively, "Plaintiffs") and Defendant Monterey Financial Services, Inc. ("Monterey") dispute the adequacy of Monterey's responses to three requests for the production of documents and one interrogatory. Joint Discovery Letter, ECF No. 142. The court conducted a telephone conference with the parties on July 20, 2011 and issued an order that resolved some of the issues. Order, ECF No. 147. On August 10, 2011, the court conducted a second telephone conference. The court now resolves the remaining issue.

The first issue in dispute is whether Monterey must produce the actual contracts and records of Be. LLC's customers. August 9, 2011 Joint Letter ("8/9 Joint Letter"), ECF No. 150 at 1-2.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

1  Plaintiffs argue that the documents are necessary because Monterey is arguing that the arbitration
2  clause makes class certification inappropriate for customers whose contracts contain that clause but,
3  with one of the named plaintiffs, Monterey was unable to produce such a contract. *Id.* at 1-2.
4  Monterey contends that production of the actual Be., LLC contracts would be extremely burdensome
5  and is unnecessary because the information relevant to class certification will be produced in list
6  form. *Id.* The court finds that Monterey's position better promotes the efficiencies for which class
7  actions were designed while still ensuring that Plaintiffs have sufficient information to move for
8  class certification. *Cf. Parker v. Time Warner Entertainment Co., L.P.*, 239 F.R.D. 318, 324
9  (E.D.N.Y. 2007). The court orders that, at this time, Monterey does not have to produce the actual
10 contracts and records of Be., LLC's customers.

11   The second issue is whether Monterey must produce the contact information of Be. LLC's
12 customers. 8/9 Joint Letter, ECF No. 150 at 1-2. Monterey concedes that the customer names
13 associated with the Be., LLC agreements would not be overly burdensome. *Id.* at 1. But Monterey
14 will only produce this information by court order given third-party privacy concerns and concerns
15 previously expressed by Monterey as to the relevance and potential improper use of the information.
16 *Id.* at 1-2. Plaintiffs contend this information is relevant to liability, as well as class certification,
17 and that the district court has never bifurcated discovery. *Id.* at 1.

18   "In determining whether to permit disclosure of putative class members' contact information,
19 Court must weigh Plaintiff's need for disclosure against Defendants' privacy concerns in their
20 customers' information." *McArdle v. AT&T Mobility LLC*, No. C 09-1117 CW (MEJ), 2010 WL
21 1532334, at *2 (N.D. Cal. Apr. 16, 2010). In this case, the privacy concerns are relatively minimal
22 as the customers already have voluntarily disclosed their information to the defendants, the
23 information being sought is not generally particularly sensitive, and there is a protective order in
24 place, which should protect the rights of the customers. On the other side of the ledger is the policy
25 favoring broad civil discovery to advance the ascertainment of the truth in connection with legal
26 proceedings. *Narayan v. EGL, Inc.*, No. C05-04181 RMW (HRL), 2006 WL 3507918 (N.D. Cal.
27 Dec. 5, 2006). On balance, the court finds that the disclosure of the contact information is
28 appropriate. The court orders Monterey to produce this information.

1    Finally, the parties raised a new issue. Plaintiffs have asked Monterey to complete production of
2 all communications between Monterey and Be., LLC and various other persons. 8/9 Joint Letter,
3 ECF No. 150 at 2. The parties now dispute whether the production has been completed. *Id.* The
4 parties did not meet and confer about this issue. The court orders the parties to follow processes
5 described in the court's standing order. However, for the convenience of the parties, they may meet
6 and confer by telephone.

7    This disposes of ECF No. 150.

8    **IT IS SO ORDERED.**

9 Dated: August 10, 2011

10 _____
LAUREL BEELER
United States Magistrate Judge