UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| TIMOTHY DUFOUR, *et al.*, | No. C 09-03770 CRB (LB) |
| Plaintiffs, | **ORDER RE 9/17/2012 JOINT DISCOVERY LETTER** |
| v. | |
| BE LLC, *et al.*, | [ECF No. 167] |
| Defendant. | |

On September 21, 2010, the district court referred all discovery in the above-captioned matter to the undersigned. Referral Order, ECF No. 116 at 1.[1] The parties filed a joint discovery letter on September 17, 2012. *See* 9/17/12 Letter, ECF No. 167.

The parties seek judicial resolution of a discovery dispute regarding the format in which Defendant Monterey Financial Services, Inc. ("Monterey") must produce documents pursuant to Plaintiffs' requests for production ("RFPs"). *See* 9/17/12 Letter at 1.

Plaintiffs' initial RFPs requested native format production. *Id.* at 2. Monterey now claims that it cannot produce many of the responsive documents in native format because the documents contain private information it must redact. *Id.* at 2, 4. Specifically, Monterey claims that the responsive documents contain information about third-parties (mainly Be LLC's former customers) including credit applications, social security numbers, telephone numbers, e-mail addresses, payment histories,

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 09-03770 CRB (LB)
ORDER RE 9/17/2012 JOINT DISCOVERY LETTER

and financial account information. *Id.* at 2. In total, Monterey has identified about 7,500 pages or 390 MB of documents (mainly e-mail messages) that are non-privileged and responsive to the RFPs in question. *Id.* at 1-2. Monterey explains that it has completed its pre-production review of the documents in hard copy, has made redactions where necessary, and is prepared to produce hard copies of the documents. *Id.* at 4.

Plaintiffs contend that they are entitled to native document production under Federal Rule of Civil Procedure 34(b)(1)(C) because they requested that format. *Id.* at 2. They characterize the disputed information as "not particularly sensitive." *Id.* at 3. Plaintiffs also point out that there is a protective order in place.

While the information Plaintiffs seek is sensitive, Monterey fails to explain why designating the documents as confidential under the stipulated protective order would not provide adequate protection. The court finds that Monterey's privacy concerns are sufficiently addressed by the confidentiality designation provisions of the protective order. *See* ECF No. 105. Plaintiffs are entitled to native production of the documents in the form in which the documents are ordinarily maintained. Fed. R. Civ. P. 34(b). The court ORDERS Monterey to produce unredacted copies of all non-privileged document that are responsive to the RFPs referenced in the parties 9/17/2012 Joint Discovery Letter. The court further ORDERS Monterey to produce the documents in the format in which they were ordinarily maintained unless the Plaintiffs agree to another format.

This disposes of ECF No. 167.

**IT IS SO ORDERED.**

Dated: October 3, 2012

_____
LAUREL BEELER
United States Magistrate Judge