UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| TIMOTHY DUFOUR, *et al.*, | No. C 09-03770 CRB (LB) |
| Plaintiffs, | **ORDER RE 11/16/2012 JOINT DISCOVERY LETTER** |
| v. | |
| BE LLC, *et al.*, | [ECF No. 170] |
| Defendant. | |

Plaintiffs and Monterey Financial Services have another discovery dispute about Monterey's production of electronically-stored information (ESI). *See* Letter, ECF No. 170. Plaintiffs are concerned that productions in October and November contained relevant documents that Monterey did not produce previously. *Id.* at 3. Plaintiffs want a third party appointed to search and produce discovery from Monterey's system. *Id.* at 5. They are concerned about production both because they assert there has been spoliation in the case (albeit not by Monterey), and Monterey has said that it may move for summary judgment soon. *Id.* at 2-3, 5. That makes Plaintiffs nervous about timing. Monterey essentially says that it is doing the best it can, it has done computer searches on a computer-by-computer basis, and it has – with Plaintiffs' input – upped the search terms used from 7 to 40. *Id.* at 3-5.

The court held a hearing on December 20, 2012. On this record, there is not a reason to appoint a third party to do the work. Monterey is responsive to Plaintiffs' requests. If there is an interplay with deadlines in the district court, that is an understandable concern: Monterey is concerned that

1   this is premature in a case that is pre-certification, and Plaintiffs are nervous about any summary
2   judgment deadlines.  Going forward, the parties should raise those case management concerns here
3   and in the district court.  As to producing information now, the court's view is that Monterey has
4   been producing it, the case is a 2009 case, and that bridge (producing now versus post-certification)
5   seems to have been crossed already.

6   The parties discussed three more computers that should be searched with the keywords.  Those
7   belong to Scott Little, Mark Thieu, and Pamela Carlson.  The court and the parties discussed some
8   investigative approaches to running those searches such as fashioning time and custodian parameters
9   for email searches at least initially.  For example, one could search only for emails among three set
10  people for November 2008 with certain keywords (or all emails, for that matter) and use that as a
11  means to evaluate what ought to happen next.  If there are real burden arguments, the parties will
12  confer about them.  If the parties need the court's help in resolving the disputes, they should include
13  in any future letter the kinds of documents and emails they would expect to find and the custodians
14  who might have them.  This will help will help problem-solve ESI issues.

15  Another issue discussed is whether attachments to emails are responsive.  Monterey suggested
16  that Plaintiffs should review emails and ask affirmatively for any attachments.  Plaintiffs respond
17  that attachments that are responsive to the RFPs should be produced.  The court agrees with
18  Plaintiffs.  If an email is responsive, it should be produced with any attachments and vice versa.
19  Monterey agreed on the record and will of course be able to do its normal document and privilege
20  review.

21  This disposes of ECF No. 170.

22  **IT IS SO ORDERED.**

23  Dated: December 21, 2012

    LAUREL BEELER
24  United States Magistrate Judge