Ethan Preston (263295)
PRESTON LAW OFFICES
8245 North 85th Way
Scottsdale, Arizona 85258
(480) 269-9540 (telephone)
(866-509-1197 (facsimile)
ep@eplaw.us

Robert M. Bramson (102006)
Michael S. Strimling (96135)
BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
(925) 945-0200 (telephone)
(925) 945-8792 (facsimile)
rbramson@bramsonplutzik.com
mstrimling@bramsonplutzik.com

David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TIMOTHY and JEANNE DuFOUR and KENNETH TANNER, individuals, on their own behalves and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BE., LLC, DYNAMIC SHOWCASES, LLC, California limited liability companies, MONTEREY FINANCIAL SERVICES, INC., a California corporations, BE MARKETING LIMITED, a private limited company registered in England and Wales, ERIK DeSANDO, BARRY FALCK, JACOB STEINBECK, and DOES 1-100, inclusive, <br><br> Defendants. | No. 09-03770-CRB <br><br> Judge Charles R. Breyer <br><br> **ADMINISTRATIVE MOTION TO TAKE PARTIES' CLASS CERTIFICATION MOTIONS OFF CALENDAR UNTIL THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES DECIDES RANDY ALLTIZER'S MOTION FOR CLASS CERTIFICATION** |

**ADMINISTRATIVE MOTION TO TAKE THE PARTIES'
CLASS CERTIFICATION MOTIONS OFF CALENDAR**

Plaintiffs Timothy DuFour and Jeanne DuFour ("Plaintiffs") respectfully submit a motion for administrative relief under Civil Local Rule 7-11 ("Motion"). During an August 23, 2010 hearing, the Court stated:

> I think what you have to do is you have to figure out why this case is better off here than in be would in state court. These are essentially state claims for the most part. . . . **I would think that this [case] is far more appropriate to be litigated in state court than it would be in federal court . . .**

(Dkt. #106 at 5:3-10 (emphasis added).) In light of these comments, Plaintiffs' counsel have prioritized litigating the putative class's relevant claims against Monterey in state court. Plaintiffs' counsel have, e.g., filed an action in Los Angeles Superior Court on December 31, 2012, titled *Alltizer v. Monterey Financial Services, Inc.*, No. BC498383 (the "*Alltizer*" action).

**I.     Class Certification Would Ordinarily Be Decided in this Case First**

In a January 17, 2013 conference before Judge Beeler, Plaintiffs indicated that they could file for class certification by March 1, 2013, and Monterey indicated it "was fine with [Plaintiffs' March 1, 2013] time table." (Dkt. #178.) Nonetheless, on February 11, 2012, Monterey filed a motion to deny class certification. (Dkt. #183.) Plaintiffs will file their own motion for class certification imminently, before Monterey's opposition to this motion is due. Given these motions and the status of the *Alltizer* case, in the ordinary course class certification would be decided in this Court first. Plaintiffs now ask the Court to consider whether the state court in the *Alltizer* action should decide class certification first.

**II.    The Parties' Positions**

Monterey's position is that the Court should decide class certification shortly. (Preston Decl. ¶2.) Plaintiffs have also expressed an interest in resolving class certification shortly. (*Cf.* Dkt. #178.) However, Plaintiffs would be ill-advised to simply ignore the Court's comments above. Plaintiffs have no interest in any additional delay unless it ensures they litigate their claims in the most appropriate venue (or, at least, do not litigate in an inappropriate venue). The Court previously indicated that the state court is the most appropriate venue for this case. To date, Plaintiffs have acted on the assumption that is still the Court's evaluation. If the Court

maintains this view, Plaintiffs ask the Court to take the parties' motions concerning class certification off calendar, so the *Alltizer* court will have the opportunity to make its own decision on the matter. ***However, if the Court's view has changed, Plaintiffs ask the Court to address the parties' motions regarding class certification without any additional delay.***

### III. Given the Court's August 23, 2010 Statement, Plaintiffs Have Litigated This Case Appropriately

Monterey has criticized how Plaintiffs have litigated this case. (*Cf.* Dkt. 177 at 3-4.) These criticisms are not germane to the relief sought in this motion, as Monterey does not dispute that Plaintiffs' counsel have diligently sought relief in California state courts. Nonetheless, because Plaintiffs anticipate Monterey's opposition will reprise these criticisms (*see* Preston Decl. ¶2) and because the Court may well decide it should adjudicate class certification, Plaintiffs rebuff the suggestion that their litigation of this action has been inappropriate.

Plaintiffs have maintained this action as a safeguard against the possibility that the *Alltizer* court holds that the statute of limitations for absent class members' claims has not been tolled.[1] Plaintiffs would be remiss in their duties as class representatives if they dismissed this case before it was clear that the statute of limitations on the *Alltizer* claims were tolled. Much of the long pendency in this case is attributable to (1) the defendants' motion practice against Plaintiffs' complaints, and (2) the stay imposed after Monterey moved to compel arbitration of Kenneth Tanner's claims.[2] Subject to a few modest exceptions, Plaintiffs have not served new discovery in this action since the August 23, 2010 hearing.[3] Rather, since May 2012 (when the

---

[1] It is clear that this action has tolled the statute of limitations in *federal* courts. *American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974). California courts have not applied the *American Pipe* rule consistently. *Cf. Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1122 (1988); *Becker v. McMillin Construction Co.*, 226 Cal. App. 3d 1493, 1502 (1991); *San Francisco Unified School Dist. v. W.R. Grace & Co.*, 37 Cal. App. 4th 1318, 1336-41 (1995).

[2] Defendants did not answer the complaint until July 6, 2010 and did not participate in a Rule 26(f) conference until shortly thereafter. (Dkt. Nos. #96, 97.) Hence, discovery did not commence until July 2010. Moreover, the case was stayed for arbitration of Kenneth Tanner's claims against Monterey from September 2011 to May 2012. (Dkt. Nos. #158, 162.)

[3] In 2011, Plaintiffs served an interrogatory concerning Monterey's costs in this case, and a request for production of documents for communications between Monterey and Be customers. These communications are relevant to Monterey's theory of opposing class certification, so they would be relevant to the *Alltizer* proceeding. On February 6, 2013, Plaintiffs also served an interrogatory, a request for admission, and four (related) requests for

arbitration stay was lifted), Plaintiffs' litigation on this action has been limited to addressing Monterey's failure to make a complete production in response to document requests Plaintiffs served in 2010. Because Monterey's failure to complete production occurred in this case and caused prejudice to the Plaintiffs' claims in this case, Plaintiffs must obtain their remedy for this discovery misconduct in this case as well.

Dated: February 15, 2013

By:   s/Ethan Preston
Ethan Preston (263295)
PRESTON LAW OFFICES
8245 North 85th Way
Scottsdale, Arizona 85258
(480) 269-9540 (telephone)
(866-509-1197 (facsimile)
ep@eplaw.us

Robert M. Bramson (102006)
Michael S. Strimling (96135)
BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
(925) 945-0200 (telephone)
(925) 945-8792 (facsimile)
rbramson@bramsonplutzik.com
mstrimling@bramsonplutzik.com

David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

production of documents which are all related to Monterey's ability to sustain a judgment or settlement in this case. Again, these documents would be relevant to the *Alltizer* action.

Ethan Preston (263295)
PRESTON LAW OFFICES
8245 North 85th Way
Scottsdale, Arizona 85258
(480) 269-9540 (telephone)
(866-509-1197 (facsimile)
ep@eplaw.us

Robert M. Bramson (102006)
Michael S. Strimling (96135)
BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
(925) 945-0200 (telephone)
(925) 945-8792 (facsimile)
rbramson@bramsonplutzik.com
mstrimling@bramsonplutzik.com

David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TIMOTHY and JEANNE DuFOUR and KENNETH TANNER, individuals, on their own behalves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BE., LLC, DYNAMIC SHOWCASES, LLC, California limited liability companies, MONTEREY FINANCIAL SERVICES, INC., a California corporations, BE MARKETING LIMITED, a private limited company registered in England and Wales, ERIK DeSANDO, BARRY FALCK, JACOB STEINBECK, and DOES 1-100, inclusive,<br><br>Defendants. | No. 09-03770-CRB<br><br>Judge Charles R. Breyer<br><br>**DECLARATION OF ETHAN PRESTON** |

1. My name is Ethan Preston. I am over the age of eighteen and am fully competent

to make this declaration. I am an attorney and counsel of record for Plaintiffs in this case. I make the following statements on the basis of personal knowledge.

2. Counsel for Plaintiffs and Defendant Monterey Financial Services, Inc. ("Monterey") have met and conferred extensively on the relief sought in the attached Motion, through a series of emails beginning on February 7, 2013. Monterey opposes deferring class certification proceedings in this case in favor of the Alltizer case pending in the Superior Court of California for Los Angeles County. The parties' counsel have even exchanged joint drafts of this motion, which set forth both parties' positions. Ultimately, however, counsel for Plaintiffs determined that it would be significantly more efficient to submit separate briefs.

3. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 15, 2013                    By:   s/Ethan Preston
                                                   Ethan Preston