UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| TIMOTHY DUFOUR, *et. al.*, | No. C 09-03770 CRB (LB) |
| Plaintiffs, | **ORDER FOR DISCOVERY AND DENYING PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS** |
| v. | |
| BE LLC, *et. al.*, | [Re: ECF No. 196] |
| Defendants. | |

The parties have a discovery dispute surrounding Monterey's production of electronic discovery. The discovery involves Monterey's running of search terms on three computers belonging to Thurlow, Little, and Tew. The court held a hearing on April 18, 2013, and for the reasons stated on the record, orders the following:

1. Monterey will produce the requested org charts in one week.

2. Monterey will file a declaration by 1:00 p.m. tomorrow that describes the process by which it will run its searches of the three computers. The parties already agreed to the search terms. The court expects this declaration to be modest. For example, Monterey can attach and incorporate by reference a proposal by an e-discovery vendor or in-house IT support. The idea is to illuminate the process so that Plaintiffs can evaluate whether it is sufficient and whether a different external vendor is appropriate. This is not meant to create any filing burden.

3. Plaintiffs will let Monterey know no later than 11 a.m. on Monday, April 22, 2013 whether the process in number 2 is acceptable. If it is, Plaintiffs will notify the court in a one-page filing by

11:00 a.m. If it is not, then Plaintiffs will provide Monterey its written objections by 11:00 a.m. At noon, the parties must meet and confer by telephone in a real conversation about their areas of disagreement. If they can resolve them, they should notify the court in a one-page filing. If they cannot, Plaintiffs must file a short written proposal by 1:00 p.m. Monterey may file a one-page letter brief reply by 1:30 p.m. The court may try to reach the parties by telephone on Monday afternoon. At their meet-and-confer, the parties should identify their periods of joint availability on Monday afternoon and let the court know in the written submissions. The court does not expect or want lengthy submissions.

   4. As the undersigned conveyed during the hearing, it cannot evaluate whether the error is harmless or whether there is any substantial justification for Monterey's not providing the information earlier. Whether it is harmless also may turn on the outcome of the pending class certification motion. The other point is that ordinarily, the court might be inclined to wait to order the discovery ordered here until after the class certification motion is decided given that Plaintiffs had what they needed to file that motion. The district court just continued the hearing from tomorrow to a date in May. Under the circumstances, and given that the court ordered this discovery (or most of it) last November, the ruling is that Monterey will produce it now.

   5. On this record, the court denies the motion for sanctions without prejudice to raising the issue in the context of a more developed record after this discovery and after the district court decides the class certification motion. If Plaintiffs want to raise the issue of sanctions after the motion, the parties must file a joint letter brief first because that gets the case on the court's calendar faster than the five-week schedule of a noticed motion. No law briefing will be needed, only fact illumination. The court's letter process also has rules about timing for meet and confers that avoids the situation of someone being able to keep an issue out of court. That means that Plaintiffs can drive the time line if they choose to.

   This disposes of ECF No. 196.

   **IT IS SO ORDERED.**

Dated: April 18, 2013

LAUREL BEELER
United States Magistrate Judge

C 09-03770 CRB (LB)
ORDER