Ethan Preston (263295)
PRESTON LAW OFFICES
8245 North 85th Way
Scottsdale, Arizona 85258
(480) 269-9540 (telephone)
(866-509-1197 (facsimile)
ep@eplaw.us

David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| TIMOTHY and JEANNE DuFOUR and KENNETH TANNER, individuals, on their own behalves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BE., LLC, DYNAMIC SHOWCASES, LLC, California limited liability companies, MONTEREY FINANCIAL SERVICES, INC., a California corporations, BE MARKETING LIMITED, a private limited company registered in England and Wales, ERIK DeSANDO, BARRY FALCK, JACOB STEINBECK, and DOES 1-100, inclusive,<br><br>Defendants. | No. 09-03770-CRB<br><br>Judge Charles R. Breyer<br><br>~~[PROPOSED]~~ **FINAL APPROVAL ORDER**<br><br>Date:      February 20, 2015<br>Time:     10:00 a.m.<br>Location: Courtroom 6, 17th Floor<br>              450 Golden Gate Avenue<br>              San Francisco, CA 94102 |

# FINAL APPROVAL ORDER

Plaintiffs Timothy and Jeanne DuFour, individually and on behalf of each of the Settlement Class Members ("Plaintiffs") submitted to the Court a Motion for Final Approval of the Class Action Settlement seeking final approval of the Settlement Agreement and Release (the "Agreement") entered into by and between Plaintiffs and Defendant Monterey Financial Services, Inc. ("Monterey"), a Motion for Attorneys' Fees, Costs and an Incentive Fee to Plaintiff, and the exhibits attached thereto. Defendant does not oppose Plaintiffs' Motions.

By Order dated November 5, 2014, the District Court entered an Order that preliminarily approved the Agreement and conditionally certified the Settlement Class for settlement purposes only (the "Preliminary Approval Order"). Due and adequate notice having been given to the Settlement Class in compliance with the procedures set forth in the Agreement and the Preliminary Approval Order, this Court having considered all papers filed and proceedings had herein, and otherwise being fully informed of the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Final Approval Order incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter and, for purposes of this settlement only, personal jurisdiction over all the Parties, including all Settlement Class Members. Venue is also proper before this Court

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and consistent with Due Process, this Court hereby approves the Agreement and finds that the Settlement consideration is fair and that said Settlement is, in all respects, fair, just, reasonable and adequate to the Settlement Class Members, and the Parties are hereby directed to perform its terms.

4. Pursuant to Federal Rule of Civil Procedure 23(b)(3), this Court hereby certifies the Settlement Class solely for purposes of effectuating this settlement.

//

//

a.   Consistent with the Agreement's definitions, the Settlement Class is defined as follows:

> Persons who entered into non-arbitrable contracts for services with Be., LLC and/or Monterey, examples of which contracts were identified in ECF Filing Nos. 187-6, 187-7, and 187-10, and who did not properly and timely opt out of the Settlement.

b.   Individuals within the Settlement Class had the right to exclude themselves by way of the opt-out procedure set forth in the Preliminary Approval Order. Excluded from the Settlement Class are those persons who validly and timely requested exclusion from the Settlement Class by way of the opt-out procedure, as identified in Exhibit 1 hereto (the "Opt-Outs").

5.   For purposes of this settlement only, this Court finds and concludes that: (a) the Settlement Class is so numerous that joinder of all individuals in the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) Plaintiff's claims are typical of the claims of the Settlement Class; (d) Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all individuals in the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of this class action.

6.   David C. Parisi of Parisi & Havens LLP and Ethan Preston of Preston Law Offices are confirmed as Class Counsel. Plaintiffs Timothy and Jeanne DuFour are confirmed as class representatives.

7.   This Court finds that the notice provided to Settlement Class Members was the best notice practicable and fully satisfied the requirements of the Federal Rules of Civil

1 Procedure, Due Process, and any other applicable laws.

2     8.    This Court has considered and hereby overrules all objections to the Settlement
3 on their merits.

4     9.    The Court orders Monterey to establish a Settlement Fund of $1,250,000 on the
5 later of September 15, 2014 and (i) if no appeal has been filed, after forty-five (45) days have
6 lapsed since entry of the Judgment, or (ii) if a timely appeal has been filed (including any appeal
7 by an objecting Class Member or Plaintiffs/Class Counsel's appeal from an award of fees and/or
8 costs), after forty-five (45) days have lapsed since the appeal is finally resolved, with no
9 possibility of further appellate or other review, resulting in final judicial approval of the
10 Settlement.

11     10.    The Court orders Monterey to maintain such Settlement Fund until all money
12 within the Settlement Fund is distributed (consistent with Paragraph 3.8 of the Agreement). The
13 Court further orders that Monterey distribute the Settlement Fund (together with any interest
14 accrued thereon subsequent to deposit) as follows: (i) first, to reimburse Class Counsel for costs;
15 (ii) second, to pay Class Representatives' incentive payment and Class Counsel's fees; (iii) third,
16 to pay Compensation to Settlement Class Members; and (iv) fourth, if amounts remain after
17 payment of the above items, the remaining amount shall be paid in equal amounts to the cy pres
18 recipients (a) The BizParentz Foundation, P.O. Box 2477, Rancho Cucamonga, California
19 91729, and (b) New Haven Youth and Family Services, P.O. Box 1199, Vista, California, 92085-
20 1199 (or to other alternative cy pres beneficiaries agreed upon by the Parties and approved by the
21 Court).

22     11.    No later than twenty-one (21) days after entry of this Order, Monterey shall direct
23 any credit reporting agencies to which Monterey or its agents, including Monterey Collection
24 Services, has reported (or caused to be reported) any negative information about any any contract
25 for services from Be LLC, to remove such information, except to the extent that such
26 information indicates that every payment made by such person on such contract was complete
27 and timely. Once this Order becomes final because either (i) no appeal has been filed and thirty
28 (30) days have lapsed since entry of the Order, or (ii) if a timely appeal has been filed, the appeal

is finally resolved, with no possibility of further appellate or other review, resulting in final judicial approval of the Settlement, Monterey shall not furnish (or cause to be furnished) any information about any contract for services from Be., LLC to a credit reporting agency, except to the extent that such information indicates that every payment made on such contract was complete and timely or causes information to be removed from a credit report.

12. This Court hereby dismisses with prejudice on the merits and without costs or attorneys' fees (except as otherwise provided in the Agreement) the above-captioned action (subject to retention of jurisdiction to enforce the Settlement).

13. Monterey, and its employees, officers and directors, hereby releases Plaintiffs and Class Counsel from any claims of abuse of process, malicious prosecution or any other claims arising out of the institution, prosecution, assertion or resolution of this Action, including, but not limited to, claims for attorneys' fees, costs of suit, or sanctions of any kind.

14. Monterey, and its employees, officers and directors fully, finally and forever release all Settlement Class Member who entered into any contract with Be., LLC that was assigned to Monterey from all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatever, whether known or unknown, suspected or unsuspected, contingent or non-contingent, or discovered or undiscovered, that concern any unpaid balance for such contract. Without limiting the foregoing, the foregoing release specifically extend to all claims and potential claims that Monterey, and its employees, officers and directors do not know or suspect to exist in their favor as of or prior to the date the Agreement becomes Final.

15. The Released Parties include Monterey, Defendant, together with its members, owners, shareholders, unit holders, predecessors, successors (including, without limitation, acquirers of all or substantially all of their assets, stock, units or other ownership interests) and

assigns; the past, present, and future, direct and indirect, parents (including, but not limited to holding companies), subsidiaries and affiliates of any of the above; and the past, present and future principals, trustees, partners, insurers, officers, directors, employees, agents, advisors, attorneys, members, owners, shareholders, unit holders, predecessors, successors, assigns, representatives, heirs, executors, and administrators of any of the above, except that the Released Parties shall not include any person previously named as a defendant, other than Monterey, in any complaint filed by Plaintiffs.

16. The Released Claims means any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatever, whether known or unknown, suspected or unsuspected, contingent or non-contingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration or otherwise, and whether triable before a judge or jury or otherwise, including, without limitation, claims for restitution/unjust enrichment, rescission claim, and claims under the Unruh Act, or any other state, federal, or local law, statute, regulation or common law, that arise from Defendant receiving money from any Settlement Class Member under any Contract and/or collecting balances allegedly owed by Settlement Class Members under any Contract, except that Released Claims exclude claims for physical injury and/or emotional distress.

17. The Plaintiffs and each Settlement Class Member, their respective heirs, executors, administrators, representatives, agents, attorneys, partners, children, successors, predecessors-in-interest, assigns and all persons acting for or on their behalf, shall be deemed to have fully, finally and forever released the Released Parties from all Released Claims. Without limiting the foregoing, the Released Claims specifically extend to all claims and potential claims that Settlement Class Members do not know or suspect to exist in their favor as of or prior to the date the Agreement becomes Final.

18.     The Parties, and all Settlement Class Members, agree that Paragraphs 12 to 16, inclusive, may constitute a waiver of California Civil Code section 1542 and any similar or comparable provisions, rights and benefits conferred by the law of any state or territory of the United States or any jurisdiction, and any principle of common law. California Civil Code section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Parties, and each Settlement Class Member are deemed to understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases. In connection with such waivers and relinquishment, the Parties and each Settlement Class Member are deemed to acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement, but that they release fully, finally and forever all Released Claims, and in furtherance of such intention, the release will remain in effect notwithstanding the discovery or existence of any such additional or different facts.

19.     The Parties may file the Agreement and/or this Final Approval Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, reduction, set-off or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20.     Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are enjoined from commencing or prosecuting against any and all of the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to non-released claims of Opt-Outs.

21.     This Court, having considered Class Counsel's request for an award of attorneys'

fees and reimbursement of expenses, hereby grants the request and awards Class Counsel attorneys' fees and reimbursement of expenses in the total amount of $\underline{\$600,000}$. This amount was reasonable under a lodestar multiplier analysis and/or a common fund analysis in light of the circumstances of this case. Such amounts are to be paid to Class Counsel by Monterey (1) forty-five (45) days after entry of this Order; or (2) if a timely appeal has been filed, forty-five (45) days after the appeal is finally resolved, with no possibility of further appellate or other review, resulting in final judicial resolution of Class Counsel's application for fees and costs.

22. The award of attorneys' fees to Class Counsel shall be allocated among Plaintiff's counsel in a fashion that, in the opinion of Class Counsel, fairly compensates Plaintiff's counsel for their respective contributions in the prosecution of this action. The Court has considered this award of attorneys' fees and reimbursement of expenses separately from the merits of the settlement and the Court has considered and finds as follows:

   a. Plaintiffs' counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy on behalf of Plaintiffs and the Settlement Class as a whole.
   b. The Actions involve complex factual and legal issues and, in the absence of Settlement, would involve further lengthy proceedings and uncertain resolution of such issues.
   c. Had Settlement not been achieved, there would remain a significant risk that the Settlement Class may have recovered less or nothing from Defendant, and that any recovery would have been significantly delayed.
   d. The amount of attorneys' fees and reimbursable expenses awarded to Plaintiffs' counsel is fair and reasonable, given the number of attorney hours expended to achieve the Settlement on behalf of Plaintiffs and the Settlement Class as a whole, and the estimated value of the settlement benefits obtained for the Settlement Class, and the amount awarded is consistent with awards for similar work in similar cases.

23. This Court, having considered Plaintiff's request for an incentive fee, hereby

1 grants the request and awards Plaintiffs an incentive fee of $5,000.

2     24.    Without affecting the finality of this Final Approval Order in any way, this Court retains continuing jurisdiction to implement the Agreement and to construe, enforce and administer the Agreement and the Settlement. Class Counsel are to continue in their role to oversee all aspects of the Agreement and Settlement. Upon notice to Class Counsel, Defendant may seek from this Court, pursuant to 28 U.S.C. § 1651(a), such further orders or process as may be necessary to prevent or forestall the assertion of any of the Released Claims in any other forum, or as may be necessary to protect and effectuate the Settlement and this Final Approval Order.

    25.    If an appeal, writ proceeding or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Agreement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Agreement.

    IT IS SO ORDERED.

DATED: 2/23/2015

    Honorable Charles R. Breyer
    United States District Court Judge
    for the District of Northern California